**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE TRUSTEES OF the TEAMSTERS LOCAL
819 PENSION FUND,

<table>
<tr><td>Plaintiffs,</td><td><u>**COMPLAINT**</u></td></tr>
<tr><td>- against -</td><td>16-CV- 5659</td></tr>
</table>

CAMPBELL ENGINEERING SUPPORT
SERVICES, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiffs, the Trustees of the Teamsters Local 819 Pension Fund, by their attorneys, Cary

Kane LLP, respectfully allege as follows:

### NATURE OF THE ACTION

    1.    This action is brought under Sections 502 and 515 of the Employee Retirement

Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to recover

contributions owed to the Teamsters Local 819 Pension Fund (the "Fund") pursuant to a

collective bargaining agreement executed by defendant Campbell Engineering Support Services,

Inc.

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction of this action pursuant to ERISA Sections 502 and

515, 29 U.S.C. §§ 1132 and 1145.

    3.    Venue properly lies in this judicial district pursuant to ERISA Section 502(e)(2),

29 U.S.C. § 1132(e)(2), as the Fund is administered in this district.

THE PARTIES

4.      At all times material hereto, the Fund is and has been an "employee pension benefit plan" and a "multiemployer plan" as those terms are defined by ERISA Sections 3(2)(A) and 3(37), 29 U.S.C. §§ 1002(2)(A) and 1002(37).

5.      The Fund is administered at offices located at 60 Broad Street, New York, New York 10004.

6.      At all times material hereto, the plaintiffs are and have been the "plan sponsors" of the Fund, as defined by ERISA Section 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii) and "fiduciaries" of the Fund, as defined by ERISA Section 3(21), 29 U.S.C. § 1002(21).

7.      At all times material hereto, the defendant is and has been an "employer" as defined by ERISA Section 3(5), 29 U.S.C. §1002(5).  The defendant's offices are located at 999 South Oyster Bay Road, Suite 110, Bethpage, New York 11714.  As the defendant is a corporation, it is not incompetent or in military service.

RELEVANT FACTS

8.      At all times material hereto, the defendant was, and is, a party to a Collective Bargaining Agreement ("CBA") with Teamsters Local 210.

9.      The CBA sets forth the terms and conditions for employment and benefits for employees of the defendant represented by Teamsters Local 210.

10.     The defendant is bound to the terms of the CBA and any amendments thereto.

11.     The CBA required, and requires the defendant to make a monthly payment ("Contribution") to the Fund on behalf of those of its employees covered by the CBA.

2

12.    The Fund is constituted in accordance with its Agreement and Declaration of Trust ("Trust Agreement").

13.    The CBA incorporates the Trust Agreement by reference, binding the defendant to the Trust Agreement.

14.    Both the Trust Agreement and the CBA require that the defendant submit a report with each Contribution which identifies the employees of the defendant for whom the defendant is making the Contribution.

15.    Both the Trust Agreement and the CBA require the defendant to remit the Contribution and reports to the Fund no later than the 10th day of each month following the month for which they are due.

16.    The Trust Agreement provides that an employer who fails to submit a Contribution when due shall be obligated to pay interest on the delinquent Contributions from the date that payment is due through the date that payment is made.

17.    The Trust Agreement provides that the annual interest rate on a delinquent Contribution shall be equal to the greater of 2% over the prime rate or 6% per annum.

18.    As of this date, the defendant has failed to remit the Contributions for the months of January through June 2016 in the estimated amount of $20,000.

19.    As of this date, the defendant has failed to remit the applicable reports for the months of January through June 2016.

20.    Defendant has refused to pay the Contributions owed despite repeated requests to do so by the Fund and its counsel.

21.    The Trust Agreement and the CBA authorize the Fund's Trustees to institute legal action on behalf of the Fund to recoup delinquent Contributions.

4821-5265-2594, v. 1

22.    The Trust Agreement provides that in a legal action the Trustees may seek interest, costs, liquidated damages equal to the greater of the amount of interest or 20% of the Contributions due, and attorneys' fees.

23.    Pursuant to ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), judgment on delinquent Contributions shall include interest, liquidated damages equal to the greater of (i) the interest on the delinquent Contributions or (ii) twenty percent (20%) of all delinquent Contributions, attorneys' fees and costs.


CAUSE OF ACTION

24.    Plaintiffs reassert and re-allege paragraphs "1" through "21" and incorporate them herein.

25.    Despite its obligations under the CBA and due demand made by the Fund, the defendant has willfully refused to pay Contributions owed to the Fund.

26.    In accordance with ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the CBA, and the Trust Agreement, the defendant is liable to the Fund for all delinquent Contributions, interest on the delinquent Contributions, liquidated damages equal to the greater of the total amount of interest due or 20% of the Contributions due and the legal fees and costs of this action.


PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that this Court enter judgment in their favor and against the defendant and, more particularly, that this Court order the following relief, as

4

required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the CBA and the Trust

Agreement:

(a)  That the defendant pay all Contributions owed the Fund from January to the date of judgment;

(b)  That the defendant provide accurate reports of all its employees for which it remits Contributions;

(c)  That the defendant pay to the Fund interest on all delinquent Contributions at a rate equal to the greater of 2% over the prime rate or 6% per annum through the date(s) of payment;

(d)  That the defendant pay to the Fund liquidated damages equal to the greater of the amount of interest on the Contributions due or twenty percent (20%) of the total amount of Contributions due;

(e)  That the defendant pay the legal costs and attorneys' fees incurred by the Fund in this action;

(f)  That this Court order the defendant to remit future Contributions and reports owed to the Fund in a timely manner; and

(g)  For such other and further relief as the Court may deem just and proper.

DATED:   July 15, 2016
New York, New York

CARY KANE LLP

Charles Pergue
Susan Bruno
1350 Broadway, Suite 1400
New York, New York  10018
T: 212-868-6300
F: 212-868-6302
cpergue@carykane.com
*Attorneys for Plaintiffs*

4821-5265-2594, v. 1